MORRISON, McINTOSH & COMPANY, Appellants, v. WILLIAM J. LEISER, Respondent.

Kansas City Court of Appeals, January 10, 1898.

Sales: INSTALMENT DELIVERIES: RESCISSION ON ACCOUNT OF QUALITY OF GOODS. Where a vendee purchases a certain quality of goods to be delivered in two instalments he will be allowed to revoke the order for the last instalment when the goods delivered in the first instalment are inferior in quality.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Thos. A. Walker* and *Jas. P. Chinn* for appellants.

Where a vendee has received and accepted under contract of sale a portion of the goods contracted for, the facts that the goods so accepted were of a quality inferior to that called for by the contract does not authorize him to repudiate the contract altogether and to refuse to accept the residue. He may demand goods of the stipulated quality, and if the balance when offered prove to be of an inferior quality may refuse to accept, but if such as the contract calls for he is bound to receive them. *Miller v. Moore*, 83 Ga. 684; *Blackburn v. Reily*, 47 N. J. L. 310 or 290; *McFadden v. George Wetherbee & Co.*, 63 Mich. 390; *Cohen v. Platt*, 69 N. Y. 348; *Scott v. Coal Co.*, 89 Pa. St. 231; *Gill v. Benjamin*, 64 Wis. 362; *Guernsey v. Lumber Co.*, 87 Cal. 249.

*E. F. Keyton* for respondent.

Where in an order for goods to be shipped in two instalments, one in June and the other September 1, 1895, the vendee, on receipt and examination of the first shipment of goods ordered, in due time notified the vendor of his rescission of his order on account of the inferiority of goods, not coming up to sample or warranty, and telling vendor not to ship any more of said goods; and with consent and direction of vendor, kept and paid for a part of first shipment and returned balance of worthless goods to vendor, with vendor's silence until some time after the second shipment was to have been made, this constituted a rescission of the order and the vendor's delivery of the balance of said order, or second shipment, to a common carrier on September 14 or later, was entirely voluntary and was no delivery to defendant, and on defendant's refusal to receive or accept same he was not liable therefor. *Pail & Box Co. v. Peter Oakes*, 64 Mo. App. 235; *Pope v. Allis*, 115 U. S. 363; *Galbout v. Clark*, 24 Mo. App. 426; *Calhoun v. Paule*, 26 Mo. App. 274, 287, 288; *Mfg. Co. v. Mfg. Co.*, 42 Mo. App. 307, 313, 314; *Tustice v. Town of Lancaster*, 20 Mo. App. 559; *Savings Ass'n v. Kehlor*, 7 Mo. App. 158; Tiedeman on Sales, secs. 98, 209; Story on Sales, [4 Ed], secs. 310, 415, 417, 418, 422, 456 and 456a. The judgment is right and should be affirmed.

GILL, J.—Plaintiffs are manufacturers of gloves, etc., at Grinnell, Iowa, and defendant a merchant at Corder, Missouri. In May, 1895, one of STATEMENT. plaintiff's traveling salesmen called on defendant and took his order for a lot of gloves which were to be according to certain samples exhibited at the time. As per agreement, the goods

were to be furnished in two instalments—one in June and the other in the September following. The first lot was received by defendant at Corder, but according to the testimony of defendant, the gloves were found on inspection to be inferior and not up to the quality of the samples. Defendant, however, kept and paid for a portion of the first shipment, but returned a portion to the plaintiffs; and because of the inferior quality of the first instalment—particularly of those returned—defendant countermanded the order for the September delivery, and thereby sought to rescind the contract for said instalment.

Notwithstanding said countermand plaintiffs shipped the last instalment to defendant, but he refused to receive or accept the same, and plaintiffs brought this action as for goods sold and delivered, resulting in a verdict and judgment for defendant and plaintiffs appealed.

The question on this appeal is, whether a vendee who agreed to purchase of his vendor goods of SALES: instalment of deliveries· rescission of account of quality of goods. a certain quality, and which were to be delivered in two future instalments, will be allowed to revoke the order for the last shipment because the goods delivered in the first instalment were inferior in quality and did not fill the requirements of the contract of sale. From the rulings on instructions offered, it seems the trial court adopted the affirmative of this proposition. The learned judge refused to give an instruction asked by plaintiffs declaring "that although they may believe from the evidence that the June shipment was not according to sample, yet if they further believe that the *September* shipment was according to sample, they will find for plaintiffs."

An examination of the authorities cited discloses an apparent conflict on the point involved. Some of

the cases seem to treat the different deliveries as separate, independent and severable contracts; and that because the vendor made default in the one, or first shipment, the vendee was not thereby authorized to rescind the contract as to the second instalment. In others, however, the transaction is regarded as one single contract where the vendor agrees to furnish all the goods of a certain kind and quality; and if in the first delivery he furnished goods inferior to that agreed, then the vendee may take advantage of the default or violation of the contract by the vendor, and may return the goods and declare the contract off as to the future instalments. Tiedeman on Sales, sec. 209; *King Philip Mills v. Slater*, 12 R. I. 82, and cases cited.

We think the ends of justice are attained by following the authorities last cited. It seems to us that the agreement to sell, as in the case at bar, is one executory contract; that before plaintiffs can be allowed to recover they must show a substantial compliance with the terms of said contract; and if, during the delivery of the goods, the vendor makes substantial breach of any of its conditions as to the quality of goods, then the vendee may rescind the contract as as to such future deliveries and decline to take any more goods—even though such latter instalment may, on inspection, be found equal in quality to the terms of the contract.

The justice of so ruling is apparent in the light of the facts of this case. The defendant sought by his contract for the purchase of this stock of gloves to prepare for the trade of 1895; he contracted for all the gloves that he thought he needed for the season. But when the first shipment came in, he found the goods not up to the grade of the samples shown him, and that they would not answer his trade. Under the circumstances, then, his only safe course was to return

such inferior goods and at once secure from other manufacturers a better article; the defendant, it is probable, could not take the chances as to the quality of the second shipment.

On the facts as found by the jury the judgment, we think, was for the right party and will be affirmed. All concur.