# THE LYONS MILLING COMPANY, Appellant, v. THE FARMERS SUPPLY COMPANY, Respondent.

### Springfield Court of Appeals, December 6, 1922.

1. **SALES: The Phrase "or Before if Ordered," Held to Have Reference to the Time of Shipment, and Not to Necessity of New Order.** Where a contract for sale of flour and feed provided that the first shipment should be made November 1, 1920, "or before if ordered out," and also contained this provision: "Duplicate the above order for shipment January 15 or before if ordered," the phrase "or before if ordered" referred only to the time of shipment, and did not requir the buyer to give a second order, so as to release the buyer from liability on a second order, unless thereafter it ordered the shipment.

2. ————: **Substantial Breach of Contract as to Quality of Flour Delivered, Held to Justify Rescission as to Future Deliveries.** Where plaintiff sold flour and feed to defendant under contract for delivery in installments, and guaranteed the satisfaction of the flour, the buyer was entitled to rescind the contract as to future deliveries and decline to take any more goods, where the goods al-

The Lyons Milling Co. v. The Farmers Supply Co.

ready, received were not satisfactory or in substantial compliance with the contract, even though such latter installment may, on inspection, be found equal in quality to the terms of the contract.

Appeal from Circuit Court of Dade County.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*John Franklin Rhodes* for appellant.

(1) In this case it is clear that reasonable satisfaction is guaranteed to the trade of the defendant, The Farmers Supply Co. A simple allegation of dissatisfaction, without, some good reason assigned for it, cannot be regarded as it may be a mere pretext. Folliard v. Wallace, 2 Johns 395; followed in Brooklyn v. Brooklyn St. Ry. Co., 47 N. Y. 475, 7 Am. Rep. 469; Miesell v. Globe Mut. Life Ins. Co., 76 N. Y. 115. (2) In a contact which required the plaintiff to deliver pans it was held that defendant had no right to · say arbitrarily and without cause that he was dissatisfied and would not pay for them. Daggett v. Johnson, 49 Vt. 345. In "Words & Phrases," second series, Vol. 4, page 469 under "Contracts" and cases there cited, it is clearly established that in such cases as the one at bar the purchaser cannot refuse to comply with the contract on a pretended or capricious ground. It must be reasonable. Renzie v. Minis, 63 S. E. 900, 903, 132 Ga. 323, 23 L. R. A. (N. S.) 1003, 16 Am. Cases 723; Baldwin Fertilizer Co. v. Cape, 110 Ga. 325, 35 S. E. 316; 7 Words and Phrases, (1 Ed.), p. 6335; Singerly v. Thayer, 108 Pa. 291, 297, 2 Atl. 230, 56 Am. Rep. 207.

*Ben M. Neale* for respondent.

(1) A buyer of goods of a certain quality to be delivered in installments will be allowed to revoke the

order for future shipments on the ground that the goods already delivered did not meet the requirements of the contract of sale, where at the time the buyer accepted the goods already delivered he did not know they failed to meet such requirements. Morrison et al. v. Leiser, 73 Mo. App. 95; Grafeman Dairy Co. v. St. Louis Dairy Co., 96 Mo. App. 495; Ungerer Co. v. Cheese and Fish Co., 155 Mo. App. 95; Lindsborg Milling & Elevator Co. v. Danzero, 193 S. W. 606.

BRADLEY, J.—Plaintiff sued to recover damages alleged to have been sustained by reason of the failure of the defendant to accept certain flour feed claimed to have been sold to defendant by plaintiff. The cause was tried before the court and a finding was made against plaintiff, and also against defendant on a counterclaim pleaded. From a judgment against plaintiff on its petition it appealed.

Plaintiff alleged that on September 14, 1920, it entered into a written contract with defendant whereby it was agreed that plaintiff should sell and deliver to defendant certain flour and feed in said contract specified, to be delivered in two separate shipments on the dates, at the place and at the prices specified in the contract, and that defendant agreed to pay plaintiff for the flour and feed on arrival—"draft with shipper's order bill of lading attached, through the Dade County Bank at Greenfield, Missouri." The contract provided that the first shipment should be made on November 1, 1920, "or before if ordered out." The first shipment was made in accordance with the contract and was accepted and paid for. The contract, after setting out in detail as to the sacks of flour and feed, their number, size, etc., contained this provision: "Duplicate the above order for shipment January 15 or before if ordered." (July 15 appears in the record where we have written January 15, but both parties speak of January 15 as the date for the second shipment, so we assume the error in the rec-

ord is typographical.)   Across the face of the contract was written "Satisfaction of flour guaranteed."   The contract provided for certain options to be exercised by the seller in the event of a breach by the buyer, and among these, and the one invoked by the plaintiff, is the following:   Upon default or breach by the buyer the seller may upon notice "terminate that portion of the contract on which there has been default, with an entry charge to be paid by the buyer of fifty cents per barrel on the flour and one dollar per ton on the feed; and in addition the buyer shall pay to the seller such loss, damage and expense as may arise through his failure to carry out the provisions of this contract.   The measure of the aforesaid seller's loss and damage and expense shall be the difference between the contract price, less any freight included in the contract price, and the seller's cost of replacement at a date of cancellation. For the Purposes of this contract the seller's cost of replacement shall be determined at the option of the seller by either of the following methods:   1.   The seller's cost of manufacturing and preparing for shipment an equal quantity of the commodities covered by this contract.   2.   The price at which the seller could purchase an equal quantity of the commodities covered by this contract."

Plaintiff resold the flour and feed and sued for the alleged loss.   There was evidence that the flour was not satisfactory; that there was much complaint concerning it; that a customer would not buy a second sack.   The evidence tended to show that the flour did not smell good, did not taste good "seemed to be musty and wasn't right, that it made sappy bread."   It is not necessary to set out the evidence further.   Plaintiff concedes that the flour was guaranteed to give satisfaction, and the evidence tends to show a breach of this warranty, and the court so found.   The breach of warranty is only important in determining the right of defendant to refuse to accept the second car of feed and flour.

Defendant sought to defeat recovery on two grounds. First, on the ground that the contract was optional as to the second shipment, and since defendant had accepted and paid for the first shipment, and had not *ordered* the second shipment, plaintiff had no complaint. Second, that a buyer of goods to be of a certain quality, and to be delivered in installments, will be allowed to revoke the order as to future shipments on the ground that the goods already delivered did not measure up to the requirements of the contract of sale, where, at the time the buyer accepted the goods already delivered, he did not know said goods would not measure up to the contract requirements.

The first ground of defense is based on the provision in the contract: "Duplicate the above order for shipment January 15 or before if ordered." This provision is not punctuated except a period at the close of the sentence. Plaintiff contends that the words "or before if ordered" have reference only to the time of the second shipment, while defendant contends that the words have reference to a second order, and that it was not to be bound on a second order unless thereafter it *ordered* the shipment. Plaintiff construes this provision as though it were written thus: "Duplicate the above order for shipment January 15, or before if ordered out." The provision as to the *time* of the first shipment as appears in the contract is as follows: "Time of shipment: Nov. 1st or before if ordered out." No declarations were asked or given, but it appears that the trial court construed the provision: "Duplicate the above order for shipment January 15 or before if ordered" to mean that defendant by the contract had contracted for the second shipment and that the language "or before if ordered" had reference only to the *time* of shipment. When the contract is considered as a whole we think that the contruction placed thereon by the trial court was correct.

Defendant's second defense is of more serious im-

port. Discussing a question similar in some respects to the question here the Kansas City Court of Appeals in Morrison et al. v. Leiser, 73 Mo. App. 95, used this language: "It seems to us that the agreement to sell, as in the case at bar, is one executory contract; that before plaintiffs can be allowed to recover they must show a substantial compliance with the terms of said contract; and if, during the delivery of the goods the vendor makes substantial breach of any of its conditions as to the quality of goods, then the vendee may rescind the contract as to such future deliveries and decine to take any more goods even though such latter installment may on inspection be found equal in quality to the terms of the contract."

This ruling was followed in Ungerer & Co. v. Cheese and Fish Co., 155 Mo. App. 95, 134 S. W. 56. This court in Lindsborg Milling & Elevator Co. v. Danzero, 193 S. W. 606, in an opinion by Judge Cox, followed the doctrine as announced in Morrison et al. v. Leiser, supra. Such was the theory on which the trial court decided the cause here, and such is the law of this State.

The judgment should be affirmed and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.